## TOWNSEND v. UNION TRUST CO. OF DONORA et al.

### No. 7144.

District Court, W. D. Pennsylvania.
Jan. 25, 1933.

Leonard H. Krieger, of Pittsburgh, Pa., for plaintiff.

Guy B. Hoge, of Pittsburgh, Pa., and Dwight M. Anderson, of Donora, Pa., for Union Trust Co. of Donora.

Harbaugh Miller, of Pittsburgh, Pa., for Post & Flagg.

Donald Thompson and George B. Berger, both of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

The Cities Service Company filed its bill of interpleader against Georgia R. Townsend et al., at No. 2586 in equity, in this court, to determine the ownership of 500 shares of the common stock of said company. This court made a decree wherein it was directed that Georgia R. Townsend be made plaintiff, and the Union Trust Company of Donora, Pa., and George B. Post et al. defendants, to determine the ownership of the stock hereinafter described.

An issue was framed on the statement of claim of Georgia R. Townsend, the affidavit of defense of the Union Trust Company of Donora, and the affidavit of defense of the other defendants in said issue. By stipulation filed the case was tried by the court without a jury. The court makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. Georgia R. Townsend is a citizen of Pennsylvania, and a resident of Apollo, Armstrong county, in said state.

2. The Union Trust Company of Donora, defendant, is a banking corporation organized under and by virtue of the laws of the commonwealth of Pennsylvania.

3. That there was issued to plaintiff common stock of the Cities Service Company as follows:

Certificate No. VL31923 for 20 shares on May 16, 1929;
Certificate No. VL493447 for 80 shares on December 17, 1929;
Certificate No. VH93772 for 100 shares on October 3, 1929;
Certificate No. VH303822 for 100 shares on May 8, 1931;
Certificate No. VH303825 for 100 shares on May 8, 1931;
Certificate No. VH303827 for 100 shares on May 8, 1931.

That said stock was, and still is, registered in the name of Georgia R. Townsend, plaintiff.

4. In the months of May and June, 1931, plaintiff, Georgia R. Townsend, delivered said 500 shares of the common stock of the Cities Service Company to one H. E. Hoovler, at his solicitation. Said Hoovler was a salesman for Henry L. Doherty & Co., who had had various transactions with Mrs. Townsend over a period of several years, and who had sold the plaintiff Cities Service stock from time to time.

5. Georgia R. Townsend, plaintiff, did not indorse or assign the said stock certificates, nor sign any powers of attorney for the transfer of said stock, nor authorize any one on her behalf, directly or indirectly, to indorse the said stock or to sign powers of attorney for the transfer of said stock.

6. The plaintiff, Georgia R. Townsend, did not intend to divest herself of the title or ownership to said stock certificates at any time.

7. The said H. E. Hoovler hypothecated the said 500 shares of stock with the Union Trust Company of Donora as additional collateral for a loan previously made by the said Union Trust Company of Donora to the said Hoovler, without the consent or knowledge of the plaintiff.

8. There were attached to the said certificates of stock stock powers purporting to be signed by the plaintiff, Georgia R. Townsend. That the purported signatures of the plaintiff on the said stock powers were patently forged.

9. That the said Union Trust Company of Donora, defendant, in accepting said certificates of stock, made no inquiry as to the genuineness of the signature of Georgia R. Townsend, did not know Georgia R. Townsend, and relied entirely upon the integrity of the said H. E. Hoovler.

10. That said stock was delivered by plaintiff to the said Hoovler, together with some other stock owned by her, so that he might make $1,000 for her.

11. Plaintiff did not know how Hoovler would make said money. She delivered the certificates under the assurance from Hoovler that the certificates would be as safe in his bank at Pittsburgh as they were in her safe deposit box in her bank at Apollo. She had

but little experience in stock matters, and was without any knowledge that Hoovler intended to sell or pledge said stock.

### Conclusions of Law.

First. The transfer of the certificates of stock described in the foregoing findings of fact was made on forged powers of attorney.

Second. Plaintiff is not estopped, under the facts, from asserting ownership to the certificates of stock in issue in this case.

Third. Plaintiff is entitled to a judgment in her favor, with costs.

### Opinion.

■ Defendant, the Union Trust Company of Donora, contends that the issue as to the title of the stock in question should be decided in its favor by virtue of section 9 of the Uniform Stock Transfer Act 1911, of Pennsylvania (15 PS § 301 et seq.). Sections 1 and 9 of said act (15 PS §§ 301, 309) read as follows:

Section 1:

That "title to a certificate and to the shares represented hereby can be transferred only—

"(a.) By delivery of the certificate, indorsed either in blank or to a specified person, by the person appearing by the certificate to be the owner of the shares represented thereby, or

"(b.) By a delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person."

Section 9: "The delivery of a certificate by the person appearing by the certificate to be the owner thereof without the indorsement requisite for the transfer of the certificate and the shares represented thereby, but with intent to transfer such certificate or shares, shall impose an obligation, in the absence of an agreement to the contrary, upon the person so delivering, to complete the transfer by making the necessary indorsement. The transfer shall take effect as of the time when the indorsement is actually made. This obligation may be specifically enforced."

Section 9 is of no avail to the bank, for the reason that plaintiff, in delivering the certificates of stock to Hoovler, did not do so "with intent to transfer such certificate or shares."

[2] The bank contends that plaintiff is estopped, under the facts of this case, from asserting title against it. This contention cannot be sustained. Western Union Telegraph Co. v. Davenport, 97 U. S. 369, 373, 24 L. Ed. 1047; 54 A. L. R. 353, Note, and Fearon v. Creely, 2 Wkly. Notes Cas. (Pa.) 363.

In Western Union Telegraph Co. v. Davenport, supra, the Supreme Court, in speaking of an estoppel as against a corporation under somewhat similar facts to those which exist in this case, said: "To create an estoppel against them, there must have been some act or declaration indicating an authorization of the use of their names, by which the company was misled, or a subsequent approval of their use by acceptance of the moneys received with knowledge of the transfer. No act or declaration is mentioned, either of the guardian or her children, which tends in the slightest degree to show that any assent was given to the use of their names."

■ The bank also invokes the rule "that where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss, must sustain it." This contention cannot prevail in a case of forgery. See the above references; also National Safe Deposit Co. v. Hibbs, 229 U. S. 391, 33 S. Ct. 818, 57 L. Ed. 1241, and Pennsylvania Co. v. Franklin Fire Insurance Co., 181 Pa. 40, 37 A. 191, 37 L. R. A. 780.

Let an order be prepared directing the entry of judgment in favor of the plaintiff in accordance with the foregoing findings of fact, conclusions of law, and this opinion.